A. Fbanklin Mahohey, J.
This is a motion pursuant to GPLB 3211 (subd. [a], par. 3) to dismiss the complaint on the ground that the plaintiff has not legal capacity to sue.
The plaintiff is a foreign corporation that is not authorized to do business in this State. However, in the first paragraph of its complaint is the recitation that it is so authorized. This misstatement of fact is corrected in plaintiff’s affidavit in oppo *483 sition to the motion. Therein it is alleged that not only is plaintiff corporation not authorized to do business in New York but, in fact, conducts no business here. The plaintiff insists it is a New Jersey corporation and the contract which is the genesis of the action was made and accepted in Newark, making the defendant New York corporation subject to suit in this State. The movant strongly contests this fact and submits telephone directory listings of plaintiff corporation in all of the five boroughs of New York City as evidence of the actual business presence of plaintiff in this State.
Peculiarly, the resolution of the factual question of whether plaintiff has sufficient business contact with New York so as to require authorization to do business here will not answer the question raised by the motion. If a hearing were ordered and proof taken and the plaintiff were to prevail by preponderantly proving that it does not do business in this State, the motion would have to be denied. A foreign corporation certainly has the capacity to sue a New York corporation in the county of this State where the latter maintains its main offices. Yet, if the movant were to prevail and prove that the plaintiff was, indeed, a foreign corporation doing business in this State without authority the motion would likewise have to be denied.
Section 1312 of the Business Corporation Law does not say that a foreign corporation doing business in this State without authorization cannot commence an action here. In pertinent part subdivision (a) of section 1312 states that such a corporation 8 8 shall not maintain any action * * * unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority ? \ It would seem to follow that such a corporation, after commencing an action could obtain authority by paying such assessments and, thereafter, maintain its lawsuit. As was pointed out by Justice Levy in Oxford Paper Co. v. S. M. Liquidation Co. (45 Misc 2d 612) there appears to be no New York authority for this construction. However, consistent with the legislative use of the verb 8 8 maintain ’ ’ rather than 88 commence”, 8 8 begin” or 88 institute ” is the exculpatory language permitting a foreign corporation to become authorized after it has already conducted business in this State. The inference is strong that the word 8 8 maintain ’ ’ was a deliberate choice. In any event, I do not feel at liberty to construe the word so as to make it synonymous with 8 8 begin ” rather than 8 8 continue ’
*484 The motion to dismiss the complaint on the ground that the plaintiff corporation is without capacity to sue is denied without prejudice to the defendant setting forth in its answer similar allegations appropriate to a defense of the action.
Motion denied.