HOT ROLL MFG. Co., Appellant, *v.* CERONE EQUIPMENT Co., INC., Respondent.

Third Department, March 7, 1972.

340

*Lynn & Lynn, P. C. (Gerald A. Lynn* of counsel), for appellant.
*Lombardi & Reinhard* for respondent.

GREENBLOTT, J. This is an appeal from an order of the County Court of Albany County, entered October 8, 1971, which affirmed an order of the Albany City Court vacating a judgment entered by default.

Plaintiff, a Missouri corporation, instituted an action in Albany City Court against defendant by service of a summons and verified complaint. When defendant failed to enter a timely appearance or answer, a default judgment was entered. Thereafter, defendant moved in the City Court pursuant to CPLR 5015 (subd. [a], par. 4) to vacate and set aside the judgment, alleging that plaintiff was an "unlicensed foreign corporation doing business in the State of New York". The motion was granted and an order vacating the judgment was made and entered. The Albany County Court affirmed the order.

CPLR 5015 (subd. [a], par. 4) provides that the court which rendered a judgment or order may relieve a party from such judgment or order upon the ground of "lack of jurisdiction to render the judgment or order". The alleged lack of jurisdiction here is noncompliance with subdivision (a) of section 1312 of the Business Corporation Law, which provides that "a foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state". We must therefore determine whether a failure of a foreign corporation doing business in New York to comply with subdivision (a) of section 1312 of the Business Corporation Law is a jurisdictional defect thereby permitting such a failure to be the basis of relief pursuant to CPLR 5015 (subd. [a], par. 4).

Subdivision (a) of section 1312 of the Business Corporation Law prohibits a foreign corporation doing business in this State without authorization from maintaining an action. To be prohibited from maintaining an action, however, is different

from being prohibited from commencing an action. Hence, it has been held that such a corporation, after commencing an action, could obtain authority and, thereafter, maintain a lawsuit (*Hooton Chocolate Co.* v. *Star Chocolate Novelties,* 63 Misc 2d 482; *Oxford Paper Co.* v. *S. M. Liquidation Co.,* 45 Misc 2d 612). A statute which merely provides for compliance in order to continue an action (cf. *Brandenberg* v. *Tirino,* 34 A D 2d 658) cannot be construed as providing a jurisdictional requirement, no matter how liberally we are to construe the phrase " lack of jurisdiction " in CPLR 5015 (subd. [a], par. 4) (see *Uni-Serv Corp.* v. *Linker,* 62 Misc 2d 861, 864–865; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.10). Failure of a foreign corporation doing business in New York to comply with the requirements of subdivision (a) of section 1312 of the Business Corporation Law affects that corporation's legal capacity to maintain the action; it does not affect jurisdiction (see *Wood & Selick* v. *Ball,* 190 N. Y. 217; *Conklin Limestone Co.* v. *Linden,* 22 A D 2d 63; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.24).

The order should be reversed, on the law and the facts, and the judgment entered in the Albany City Court on January 22, 1970 reinstated, with costs.

SWEENEY and KANE, JJ., concur. HERLIHY, P. J., and STALEY, JR., J., dissent, and vote to affirm on the opinion of the County Court.

Order reversed, on the law and the facts, and judgment entered in the Albany City Court on January 22, 1970 reinstated, with costs.