**STAUFFER CHEMICAL COMPANY, a corporation of the State of Delaware, Plaintiff,**

v.

**KEYSOR–CENTURY CORPORATION, a corporation of the State of California, Defendant.**

**Civ. A. No. 81–133.**

United States District Court, D. Delaware.

June 9, 1982.

Januar D. Bove, Jr., and Lester J. Tau-fen, of Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

E. Norman Veasey, Allen M. Terrell, Jr., and David B. Stratton, of Richards, Layton & Finger, Wilmington, Del., for defendant.

## OPINION RE MOTION OF STAUFFER TO DISMISS THE COUNTER-CLAIMS UPON THE GROUND THAT KEYSOR FAILED TO QUALI-FY TO DO BUSINESS IN DELA-WARE

STEEL, Senior District Judge:

On August 7, 1981, Stauffer filed a reply to Keysor's counterclaims. In paragraph 33 the reply alleged (Doc. 14):

33. The counterclaim is barred by reason of the fact that Defendant is a foreign corporation and has not qualified to do business in the State of Delaware.

In furtherance of this defense, on November 24, 1981, Stauffer filed a motion to dismiss defendant's counterclaims because of Keysor's failure to obtain authority to do business in Delaware. (Doc. 32).

On February 16, 1982, Keysor qualified to do business in Delaware as required by either 8 Del.C. § 371 or 8 Del.C. § 372. 8 Del.C. § 383 provides in pertinent part as follows:

(a) A foreign corporation which is required to comply with §§ 371 and 372 of this title and which has done business in this State without authority <u>shall not maintain any action</u> or special proceeding in this State unless and <u>until such corporation has been authorized to do business in this State and has paid to the State all fees,</u> penalties and franchise taxes for the years or parts thereof during which it did business in this State without authority.

This prohibition shall not apply to any successor in interest of such foreign corporation. (underscoring supplied)

The underscored language in Section 383 contrasts with that in disabling statutes which prohibit unqualified corporations from "commencing" any action.

█ Section 383 is substantially similar to New York Business Corporation Law § 1312. *See*, Folk, *Review of the Delaware Corporation Law* 284 (1968). New York cases hold that a corporation which does not qualify under Section 1312 can commence an action, later obtain qualifying authority, and thereafter maintain the lawsuit. *Hot Roll Manufacturing Co. v. Cerone Equipment Co.*, 38 App.Div.2d 339, 329 N.Y.S.2d 466 (1972); *Manhattan Fuel Co., Inc. v. New England Petroleum*, 422 F.Supp. 797 (S.D.N.Y.1976) *aff'd*, 578 F.2d 1368. The New York statute has been construed as suspending the right of an unqualified corporation to maintain an action *until* it complies with the qualification requirements. *Paper Manufacturers Co. v. Ris Paper Co.*, 86 Misc.2d 95, 381 N.Y.S.2d 959 (1976). In other jurisdictions where statutes merely provide that an unqualified foreign corporation may not "maintain" an action, the courts have generally held that the foreign corporation may commence an action and thereafter obtain authority to continue that action by complying with the statute. *See, e.g., Empire Excavating Co. v. Maret Development Corp.*, 370 F.Supp. 824 (W.D.Pa. 1974), *Vornado, Inc. v. Corning Glass Works*, 255 F.Supp. 216 (D.N.J.1966). The general rule is stated in an annotation in 6 A.L.R.3rd 326 (1964) as follows (p. 331):

Under statutes which merely provide that a noncomplying corporation shall not maintain or prosecute or defend any suit in the courts of the state until compliance is made with the statutory requirements, it is generally held that a compliance after an action has been begun is sufficient to enable the corporation to maintain the action.

█ In support of its motion to dismiss Keysor's counterclaims, Stauffer argues that although Keysor has now qualified,

nevertheless the statute of limitations is a bar to its maintaining the action. In paragraph 30 of Stauffer's reply to the counterclaims, it pleaded the statute of limitations as a defense (Doc. 14) and on April 17, 1981, it filed a motion for summary judgment on the ground that the statute of limitations was a bar to the counterclaims (Doc. 15). On April 12, 1982, the Court denied Stauffer's motion (Doc. 51) for the reasons stated in the Court's opinion dated March 30, 1982 (Doc. 49). Local Rule 3.3 authorizes a party to file a motion for reargument within ten days after the filing of an opinion or a decision. Stauffer filed no such motion addressed to the opinion dated March 30, 1982 or the order of April 12, 1982.

The Court is not disposed to reconsider the statute of limitations defense to the counterclaims which Stauffer now presses in connection with its motion to dismiss the counterclaims.

The motion of Stauffer to dismiss the counterclaims because of Keysor's failure to qualify to do business in Delaware at or before the time when the counterclaims were filed will be denied.