### In re CUTLER–OWENS INTERNATIONAL LTD., Debtor.

**Bankruptcy No. 85 B 10680.**

United States Bankruptcy Court, S.D. New York.

Nov. 26, 1985.

---

Lian & Geringer by Isaac Nutovic, New York City, for the debtor.

Max Lichtenberg, New York City, for LIBCO.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

In the instant contested matter, LIBCO has moved for summary judgment dismissing an affirmative defense of Cutler-Owens International Ltd., (the "Debtor") to LIBCO's claim pursuant to Rule 7056 of the Rules of Bankruptcy Procedure. LIBCO claims that it is entitled to payment from the Debtor for goods sold and delivered in the sum of $283,301.46. In objecting to the claim the Debtor asserts an affirmative defense that LIBCO's claim is barred by New York's Business Corporation Law (NYBCL) § 1312 (McKinney 1963), which prohibits a foreign corporation from maintaining an action in this state if it is doing business in the state without authority, and is therefore not allowable under § 502(b)(1) of the Bankruptcy Code, 11 U.S.C. § 502(b)(1) (1984) (the "Code").

### I

In its claim LIBCO, a New Jersey corporation, alleges that at the Debtor's request it sold and delivered sportswear to the Debtor from the period of January 18, 1982 to January 10, 1984. The goods delivered were valued at $245,707.49. The Debtor paid $10,961.13, leaving a balance of $234,-746.35 and finance charges of $48,555.10 for a total of $283,301.46. LIBCO demanded payment of said sum with interest accruing from January 10, 1984.

Prior to the Debtor's filing of a voluntary petition under Chapter 11 of the Code on April 23, 1985, LIBCO brought suit in the United States District Court for the Southern District of New York for $283,-301.46 against the Debtor. In answering the complaint, the Debtor raised the affirmative defense at issue here. LIBCO, as it has done here, sought summary judgment dismissing the defense. The Debtor cross moved for summary judgment and on April 10, 1985, the district court, per Cannella, D.J. denied both motions. 84 Civ. 3848 (JMC). In so doing, it held that a corporation doing business in New York without authorization is precluded from bringing a diversity suit in federal court, citing *Netherlands Shipmortgage Corp. v. Madias,* 717 F.2d 731, 735 (2d Cir.1983), and that the presence of disputed issues of fact existed as to whether plaintiff is doing business in New York within the meaning of NYBCL § 1312.[1]

Upon the debtor's filing its Chapter 11 petition, the district court action was removed to this Court. By consent of the parties, LIBCO's pending complaint was deemed a proof of claim, the Debtor's answer was deemed an objection to said claim, and the adversary proceeding was discontinued. LIBCO then brought on a motion to dismiss the Debtor's affirmative defense.

### II

The issue here concerns the applicability of a state-law door closing statute such as NYBCL § 1312(a) to a claim filed in bankruptcy.

Under § 502(b)(1) of the Code, a claim is not allowable if it "is unenforceable against the debtor and property of the debtor, un-

---

1. NYBCL § 1312 provides:

(a) A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority....

(b) The failure of a foreign corporation to obtain authority to do business in this state shall not impair the validity of any contract or act of the foreign corporation or the right of any other party to the contract to maintain action or special proceeding thereon, and shall not prevent the foreign corporation from defending any action or special proceeding in this state.

der any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Were the import of § 502(b)(1) not clear, § 558 of the Code makes certain that

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses...

The broad language of these two sections leaves no doubt as to the applicability of a door closing statute. A corporation doing business in New York without authorization is precluded from bringing a diversity suit in federal courts. *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d at 735; *Stafford-Higgins Industries v. Grayton Fabrics, Inc.*, 300 F.Supp. 65, 66 (S.D.N.Y.1969). Defenses based on such statutes have been recognized by federal courts sitting in diversity since *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) (overruling *David Lupton's Sons Co. v. Automobile Club*, 225 U.S. 489, 500, 32 S.Ct. 711, 714, 56 L.Ed. 1177 (1912)) established that not to enforce such statutes in diversity cases would defeat state policy and encourage forum shopping contrary to *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Notwithstanding the clear import of §§ 502(b)(1) and 558 of the Code, LIBCO contends that those sections were not clearly intended by Congress to include such a defense as NYBCL § 1312. In support, it cites *Matter of Bowers*, 16 B.R. 298, 301, 5 C.B.C.2d 1376 (Bankr.D.Conn.1981). There the court held that Connecticut's similar door closing statute did not bar a creditor from acting as a petitioning creditor under

§ 303 of the Code. In so holding, the court followed *In re Diversified Development Corp.*, 341 F.2d 58, 59 (7th Cir.1965); *In re Leeds Homes, Inc.*, 332 F.2d 648, 650 (6th Cir.1964); and *In re V–I–D, Inc.*, 198 F.2d 392 (7th Cir.1952), *cert. denied sub nom. Kelley, Glover & Vale v. Kramer*, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705 (1953), which held that a door closing statute did not affect a creditor's ability to exercise the rights of a petitioning creditor under Chapter X of the former Bankruptcy Act. Although the parties had not argued nor briefed the allowability issue under § 502(b)(1), Judge Krechevsky did not believe that it would affect the conclusion reached. *Bowers*, 16 B.R. at 302, n. 10.

■ *Bowers* and the cases cited therein are thus hardly controlling. Furthermore, § 303(b), when examined by the *Bowers* court in 1981, prior to its amendment in 1984, on its face permitted the holder of a disputed claim to serve as a petitioning creditor. *Accord In re Covey*, 650 F.2d 877, 881 (7th Cir.1981). Allowability was not in issue. *In re All Media Properties, Inc.*, 5 B.R. 126 6 B.C.D. 586, 2 C.B.C.2d 449 (Bankr.S.D.Tex.1980), *aff'd*, 646 F.2d 193 (5th Cir.1981).[2] In contrast the broad language employed by Congress in crafting § 502(b)(1), which governs allowability of a claim, as reinforced by § 558, clearly enables a debtor to raise such a defense as NYBCL § 1312 to a claim against the estate.

None of this is to say, however, that the assertion of a door-closing statute as a defense to a claim is not subject to limitation by virtue of the proceeding being in bankruptcy. Claims against an estate may only be allowed by courts of bankruptcy, which have exclusive jurisdiction.[3] All

---

**2.** The Second Circuit, subsequent to Judge Krechevsky's opinion in *Bowers*, added the gloss that no defense to such a claim has been asserted in substantiable form. *In re B.D. International Discount Corp.*, 701 F.2d 1071, 1077 (2d Cir. 1983). The 1984 amendment followed this approach by adopting a test of whether a disputed claim is subject to a bona fide dispute.

**3.** Pursuant to 28 U.S.C. § 1334(a) (1984), the district courts are vested with original and exclusive jurisdiction of bankruptcy cases. Such cases may be referred to the bankruptcy judges for the district to enter orders and judgments, *inter alia*, allowing or disallowing claims against the estate except for personal injury and wrongful death claims. 28 U.S.C. § 157(b). By order of Judge Robert J. Ward of the United States District Court for the Southern District of

**294**

those who wish to assert prepetition claims against the estate must file a proof of claim with the court where the bankruptcy case is pending unless, in a Chapter 11 case, a claim appears in schedules filed by the debtor. The claim is subject to allowance by the court under § 502 of the Code. There are obviously many instances where a debtor, absent bankruptcy, would be subject to suit on the cause of action embodied in the claim in another state having no such statute or whose door-closing statute was inapplicable. The filing of a petition in bankruptcy should not change that result. To apply a door-closing statute of the state where the bankruptcy court sits to those claims could hardly be what Congress intended. Rather, § 502(b)(1) is to be interpreted in accord with its plain intention of merely preserving defenses assertable outside of bankruptcy. Thus, if the Debtor were subject to suit elsewhere on the transaction giving rise to the claim, a door-closing statute should not apply. Conversely, if prior to bankruptcy it were subject to suit only in the state where the bankruptcy court sits, the statue should apply.

 That conclusion accords with the effect given to the New York door-closing statute by state and federal courts. NYBCL § 1312 does not raise a jurisdictional bar. *Netherlands Shipmortgage Corporation, Ltd., v. Madias,* 717 F.2d at 735 (citing *Tri-Terminal Corp. v. CITC Industries, Inc.,* 78 A.D.2d 609, 432 N.Y. S.2d 184 (1st Dept.1980); and *Hot Roll Manufacturing Co. v. Cerone Equipment Co.,* 38 A.D.2d 339, 329 N.Y.S.2d 466, 467 (3d Dept.1972)). Instead, it effects the legal capacity of a foreign corporation doing business in New York without authorization to maintain an action in New York courts. *Hot Roll Manufacturing,* 329 N.Y.S.2d at 467. Based on the notion that companies doing business in New York without paying corporate income tax should not be permitted to use the New York courts, it has no applicability to suits in other states.

New York dated July 10, 1984, all such matters

We thus conclude that a door-closing statute such as NYBCL § 1312 was contemplated by the Code to be an assertable defense to a claim in bankruptcy. Accordingly, the motion for summary judgment is denied for it proceeds on an erroneous premise. In addition, there appear to be several issues of material fact requiring trial. Judge Cannella noted the presence of disputed issues as to the plaintiff's doing business in New York. To this is to be added to the issue of whether the debtor was subject to personal jurisdiction in another state and thus NYBCL § 1312 is inapplicable. At this time, we determine nothing more than the assertability of such a defense in a bankruptcy proceeding pursuant to § 502(b)(1) of the Code to the extent noted above.

IT IS SO ORDERED.

were so referred to the judges of this Court.