■ SALLY LOU FASHIONS CORP. et al., Respondents-Appellants, v MONA CAMHE-MARCILLE et al., Appellants-Respondents. (And Another Action.) [755 NYS2d 67] —Order, Supreme Court, New York County (Jane Solomon, J.), entered August 9, 2001, which, in an action by plaintiff corporations against defendant executors of a deceased shareholder's estate, inter alia, granted plaintiffs' motion for summary judgment dismissing defendants' first counterclaim, for breaches of the compensation provisions of 1981 and 1997 shareholder agreements, and sixth counterclaim, for breach of fiduciary duty against the corporations' president, to the extent of dismissing so much of the first counterclaim as is based on the 1981 agreement, unanimously modified, on the law, to deny that relief, and otherwise affirmed, without costs.

An issue of fact exists as to whether the requirement under the 1981 agreement that the three shareholder signatories receive equal compensation was superseded by the 1992 agreement, which did not contain an equal compensation requirement. Accordingly, we modify to reinstate that part of defendants' first counterclaim as seeks to recover the same compensation as was paid the other two shareholders up until the time that the equal compensation provision was admittedly superseded by the 1997 agreement.

The 1981 agreement provided that the compensation of the three shareholder signatories for services rendered to the corporations "shall be fixed by board of directors and shall be equal"; that the decedent "need not devote his full time to the [corporations'] business"; and that the other two shareholders "shall devote all of [their] time and attention" to the corporations. We note that there is nothing ambiguous about this provision, and that there is no merit to plaintiffs' claim that the decedent or his estate waived any claims based thereon. The 1992 agreement provided that the three shareholders "each shall receive salaries and fringe benefits as the board of directors shall from time to time determine, *as heretofore provided*" (emphasis added). According to Black's Law Dictionary 732 (7th ed), "heretofore" means "Up to now; before

this time." It is not clear whether "as heretofore provided" refers to the equal compensation rate in the 1981 agreement that the directors were supposedly using up to the time of the 1992 agreement, or to the quorum and majority vote requirements of a directors' meeting outlined in one of the immediately preceding paragraphs in the 1992 agreement.

The motion court's implicit finding that issues of fact remain with respect to that portion of the first counterclaim as seeks compensation under the 1997 agreement was correct. That agreement provided that any compensation payable to the decedent "shall be *limited to [50%] of* any sum or amount as may be paid to * * * [the corporate president]" (emphasis added). It is not clear from this wording whether "limited to [50%]" means that the decedent was entitled to 50% and no more, or that he could have been awarded any amount up to and including 50%.

The motion court properly sustained the sixth counterclaim for breach of fiduciary duty, since "the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself" (*Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168). Thus, even if defendants were not to prevail on their breach of contract claim regarding the 1997 agreement, for example, they could still argue, as alleged in the sixth counterclaim, that the decedent's compensation subsequent to that agreement was nonetheless insufficient because the corporate president "caus[ed] [the decedent] to bear a disproportionate share of the risk inherent in guaranteeing the obligations of the companies without appropriate compensation therefor." Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.