DIGITAL CENTRE, S.L., Respondent, v APPLE INDUSTRIES, INC., Appellant. [942 NYS2d 488]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered August 11, 2011, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (8) and denied defendant's motion to dismiss the first, second, third and seventh causes of action pursuant to CPLR 3211 (a) (7), unanimously modified, on the law, to grant defendant's CPLR 3211 (a) (7) motion to dismiss the third cause of action, for an account stated, and the seventh cause of action, to the extent that it pleads patent and trademark infringement, and otherwise affirmed, with costs.

This matter arose from a dispute between plaintiff, a Spanish company that manufactures photo booths, and defendant, a New York-based coin-operated machine business that had purchased some of plaintiff's booths. In lieu of an answer, defendant filed a motion to dismiss the complaint under CPLR

3211 (a) (7), for failure to state a cause of action and CPLR 3211 (a) (8), for lack of jurisdiction over plaintiff.

Defendant's CPLR 3211 (a) (8) motion is based on what it argues is plaintiff's failure to register as a foreign corporation doing business in the State of New York as required by Business Corporation Law § 1312 (a). Defendant asserts that plaintiff ships hundreds of photo booths into New York State, that its contacts within the State are sufficiently systematic and regular to warrant registration with the Secretary of State, and that plaintiff's failure to do so mandates dismissal of the action. However, it is well established that the solicitation of business and facilitation of the sale and delivery of merchandise incidental to business in interstate and/or international commerce is typically not the type of activity that constitutes doing business in the state within the contemplation of section 1312 (a) (*Uribe v Merchants Bank of N.Y.*, 266 AD2d 21 [1999]). The court correctly denied the motion, finding that at the very least, the record shows that a question of fact exists concerning whether or not plaintiff's contacts were systematic and regular enough to warrant compliance with the statute (*see e.g. Alicanto, S. A. v Woolverton*, 129 AD2d 601 [1987]).

Furthermore, it should be noted that defendant brought this part of its motion under the wrong subdivision of CPLR 3211 (a). Dismissal pursuant to Business Corporation Law § 1312 (a) is not jurisdictional, but rather, affects the legal capacity to sue. Accordingly, a motion to dismiss for lack of compliance with Business Corporation Law § 1312 (a) is properly brought pursuant to CPLR 3211 (a) (3), not (a) (8) (*see e.g. Hot Roll Mfg. Co. v Cerone Equip. Co.*, 38 AD2d 339 [1972]). It should also be noted that the motion court's characterization of this issue as being one of standing was improper. The question of capacity to sue is conceptually distinct from the question of standing (*see e.g. People v Grasso*, 54 AD3d 180, 190 n 4 [2008], citing *Silver v Pataki*, 96 NY2d 532, 537 [2001]).

Turning to the merits, the motion court correctly determined, as to the complaint's first and second causes of action, that plaintiff sufficiently stated claims for breach of contract and breach of the duty of good faith and fair dealing, arising from the purchase by defendant of 120 photo booths from plaintiff in or about April and May of 2009. Defendant received 60 of those booths, and allegedly cancelled shipment of the remaining 60 and refused to make payment.

The motion court erred in finding that plaintiff sufficiently alleged a cause of action for an account stated. Our review of the record shows an essential element of such claim to be ut-

terly missing: an agreement with respect to the balance due (*Raytone Plumbing Specialities, Inc. v Sano Constr. Corp.*, 92 AD3d 855 [2012]). Indeed, while the agreement on the balance due may be implied by the defendant's retention of the billings for an unreasonable period of time without objecting to them (*id.*), plaintiff here failed to plead precisely what that amount is and to support that amount with invoices sent to and retained by defendant.

Finally, plaintiff's seventh cause of action, for patent, trademark and trade dress infringement must be dismissed in part. Plaintiff has not stated the elements of a cause of action for patent infringement (*see e.g. McZeal v Sprint Nextel Corp.*, 501 F3d 1354, 1357 [Fed Cir 2007]). It also failed to state a cause of action for infringement of a registered trademark; however, it has sufficiently stated a cause of action on a trade dress theory (*see e.g. Yurman Design, Inc. v PAJ, Inc.* 262 F3d 101, 115-116 [2d Cir 2001]). Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Román, JJ.