K-Bay Plaza, LLC v Kmart Corp. (2014 NY Slip Op 09028)





K-Bay Plaza, LLC v Kmart Corp.


2014 NY Slip Op 09028


Decided on December 30, 2014


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2014

Gonzalez, P.J., Tom, Friedman, Acosta, Moskowitz, JJ.


13757 105751/09

[*1] K-Bay Plaza, LLC, Plaintiff-Respondent-Appellant,
v
Kmart Corporation, Defendant-Appellant-Respondent.


Reed Smith, LLP, New York (Gil Feder of counsel), for appellant-respondent.
Putney, Twombly, Hall & Hirson LLP, New York (Philip H. Kalban of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 5, 2014, which, to the extent appealed from, denied so much of defendant's motion for summary judgment as sought dismissal of the causes of action for breach of contract, account stated, declaratory relief and attorneys' fees, declined to search the record and grant plaintiff summary judgment on those claims, and denied plaintiff's motion to amend to assert a cause of action for fraud, unanimously modified, on the law, to the extent of granting defendant's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff landlord's causes of action for breach of contract and declaratory relief are barred by the six-year statute of limitations (see CPLR 213[2]; Goldman Copeland Assoc. v Goodstein Bros. & Co., 268 AD2d 370, 371 [1st Dept 2000], lv dismissed 95 NY2d 825 [2000], 96 NY2d 796 [2001]; Solnick v Whalen, 49 NY2d 224, 229-230 [1980]; Fucile v L.C.R. Dev., Ltd., 102 AD3d 915, 916-918 [2d Dept 2013]). We reject plaintiff's contention that defendant tenant should be estopped from asserting the statute of limitations as a defense, given that plaintiff possessed the information necessary to discover defendant's alleged fraud more than six years before it commenced this action (see Zumpano v Quinn, 6 NY3d 666, 674 [2006]).
The account stated cause of action is deficient for lack of an agreement regarding the balance due under the lease, given the parties' dispute over the amount to be charged for rent escalations (see Digital Ctr., S.L. v Apple Indus., Inc., 94 AD3d 571, 572-573 [1st Dept 2012]; see also Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438 [1st Dept 2012]).
The court correctly denied plaintiff's motion to amend the complaint to assert a cause of action for fraud, because the fraud claim is untimely (see generally MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]; CPLR 213[8]). Indeed, because the alleged fraud is based on the substitution of pages in the lease just before its execution, the limitations period began to run at the time of the execution of the lease in 1993 (see Rogal v Wechsler, 135 AD2d 384, 385 [1st Dept 1987]) — more than six years before plaintiff sought leave to amend. Further, even if plaintiff was not aware of the alleged fraud in 1993, with reasonable diligence, it could have discovered it by 2001, when plaintiff's accountant discovered the purported underpayments (cf. Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). Accordingly, the proposed fraud claim, asserted in 2013, is time-barred.
Plaintiff is not entitled to attorneys' fees, as it is not the prevailing party in this litigation (cf. Excelsior 57th Corp. v Winters, 227 AD2d 146, 146-147 [1st Dept 1996]).
In view of the foregoing determinations, we need not address the parties' remaining arguments for affirmative relief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 30, 2014
CLERK