██ 37 EAST 50TH STREET CORPORATION, Appellant, v RESTAURANT GROUP MANAGEMENT SERVICES, L.L.C., Respondent. [68 NYS3d 424]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 19, 2015, which, to the extent appealed and cross-appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the fifth and sixth causes of action, and denied the motion as to the second through fourth causes of action and for judgment on its second counterclaim, unanimously affirmed, without costs.

The court properly denied so much of the motion as sought dismissal of the second cause of action. First, like the IAS court, we reject defendant's argument that the sentences in the parties' 2011 agreement referring to a lease with both parties as tenants are inoperative. These sentences are not in recital or "whereas" clauses. Furthermore, "[i]n construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless" (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]). "[T]he aim is a practical interpretation of the expressions of the parties to the end that there be a realization of their reasonable expectations" (*Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555 [1982] [internal quotation marks and brackets omitted]). The drafts of the 2011 letter agreement show that plaintiff specifically negotiated to have itself named as a tenant. Second, there is a disputed issue of fact as to whether the parties are the sole members of the tenant. Third, we agree with the motion court that the issue of whether plaintiff waived its right to sue defendant presents a question of fact (*see e.g. Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]).

The second cause of action is also based on defendant's alleged failure to manage the restaurant on a "meaningful profitable basis." Like the motion court, we decline to find that phrase too indefinite to be enforceable as a matter of law. "Striking down a contract as indefinite and in essence meaningless is . . . a last resort" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991] [internal quotation marks omitted]). The 2011 letter agreement does not

contain a merger/integration clause; hence, parol evidence is admissible to explain what "meaningful profitable basis" means. Depositions had not yet been held when defendant moved for summary judgment. If extrinsic evidence is required to glean the intent of the parties to a contract, summary judgment is inappropriate (*see e.g. .Bank of N.Y. Mellon Trust Co., N.A. v Merrill Lynch Capital Servs. Inc.*, 99 AD3d 626, 628 [1st Dept 2012]; *Musman v Modern Deb*, 56 AD2d 752, 753 [1st Dept 1977]).

To the extent the second cause of action and second counterclaim are based on plaintiff's termination notice, defendant is not entitled to summary judgment. If one views the record in the light most favorable to plaintiff, as one must on defendant's motion (*see e.g. Fundamental Portfolio Advisors*, 7 NY3d at 105), the July 19, 2013 notice says, "we will take control . . . on August 26, 2013," i.e., more than 30 days after the notice. Although plaintiff did not give defendant an opportunity to cure its defaults, plaintiff alleges that some of the defaults (such as defendant's failure to operate the restaurant on a meaningful profitable basis in 2012 and 2013) can never be cured. We do not find the phrase "upon thirty . . . days notice to [defendant] of default, which default remains uncured, and which [defendant] does not commence diligent effort to cure" to be a condition precedent (*see MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009] ["the use of terms such as 'if,' 'unless' and 'until' constitutes unmistakable language of condition" (some internal quotation marks omitted)]). Even if it were a condition precedent, there are issues of fact as to whether plaintiff properly terminated defendant for cause, as opposed to for default.

The court properly denied so much of the motion as sought dismissal of the fourth cause of action (breach of fiduciary duty). A "contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract" (*North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 179 [1968]) and "[i]t is well settled that the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself" (*Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168 [1st Dept 1987]). The parties had a long-term fiduciary relationship that preceded the 2011 agreement by 15 years. Pursuant to this relationship of higher trust, plaintiff relied on defendant to ably manage its business and to exercise business judgment in good faith and

without personal bias or conflict of interest. Plaintiff alleges that defendant created a company without plaintiff's consent and then intentionally entered into a lease in contravention of the parties' 2011 agreement. In other words, it is alleged that defendant "intentionally improperly performed their contract . . . and did so, in connection with their other acts . . . to [its] own substantial benefit" (*Albemarle Theatre v Bayberry Realty Corp.*, 27 AD2d 172, 177 [1st Dept 1967]). While these claims concern some of the same underlying conduct as the breach of contract claim, the allegations concern a breach of a duty that is independent of the contract, and therefore not subject to dismissal as duplicative (*see Phipps Houses Servs., Inc. v New York Presbyt. Hosp.*, 139 AD3d 480, 481 [1st Dept 2016]; *Minnelli v Soumayah*, 41 AD3d 388, 389 [1st Dept 2007], *lv dismissed* 9 NY3d 1028 [2008]; *Sally Lou Fashions Corp. v Camhe-Marcille*, 300 AD2d 224, 225 [1st Dept 2002]).

We have considered defendant's arguments regarding the third cause of action and plaintiff's arguments on its cross appeal and find them unavailing. Concur—Tom, J.P., Richter, Andrias and Gesmer, JJ.