Chao Jiang v Ping An Ins. (2023 NY Slip Op 03071)

Chao Jiang v Ping An Ins.

2023 NY Slip Op 03071

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 652260/15, 595757/16 Appeal No. 426 Case No. 2022-05365 

[*1]Chao Jiang, Plaintiff-Respondent,
v
Ping An Insurance, et al., Defendants, Huatai Insurance Group of China, et al., Defendants-Appellants. 

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for appellants.
Mandel Bhandari LLP, New York (Rishi Bhandari of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered November 25, 2022, which denied defendants Huatai Insurance Group of China, Huatai Insurance Company of China Limited, and Huatai Property and Casualty Insurance Company Limited's (collectively Huatai) motion for summary judgment on the issue of exclusive jurisdiction based upon a forum selection clause and dismissing the complaint, unanimously affirmed, with costs.
According to Huatai, section 5.16 of the directors and officers liability and company reimbursement insurance policy requires the parties to submit to the exclusive jurisdiction of the country where the policy was issued. In addition, a closing slip dated May 12, 2011, denotes the "Policy Issuance & Premium Payment" as "Shanghai, People's Republic of China." The closing slip is signed by Huatai, AIG/Chartis, and China North East Petroleum Holdings Ltd. Jin Jiaming, a Claims Manager for Huatai, swears that this closing slip is a true and correct copy.
Notwithstanding these documents, an issue of fact exists to preclude summary judgment because Huatai submitted a different closing slip dated April 29, 2011, on a prior motion to dismiss. The April 29 closing slip failed to include the policy issuance language, it was executed by Huatai and AIG only, and Jiaming swore in that motion that this was a true and correct copy of the closing slip. Although Huatai submits a string of emails in the current motion to show that the April closing slip was a draft, these emails fail to discuss whether the May closing slip is a revision or final draft. Moreover, Jiaming has yet to be deposed despite the motion court's directives, and the policy and the closing slip are silent on whether the closing slip is incorporated into the policy or related to section 5.16 in any way (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569, 569-570 [1st Dept 2017] ["If extrinsic evidence is required to glean the intent of the parties to a contract, summary judgment is inappropriate."]).
Since an issue of fact exists in the record and the complaint is not being dismissed, Huatai is not entitled to an order directing the return of their $2.5 million deposited with the court pursuant to Insurance Law § 1213 (c), which requires unauthorized foreign or alien insurers to post security with the court in an amount sufficient to secure payment of any final judgment before filing a pleading or pre-answer motion (see generally Curiale v Ardra Ins. Co., 88 NY2d 268, 274-279 [1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023