Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC (2024 NY Slip Op 00450)

Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC

2024 NY Slip Op 00450

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 656934/21 Appeal No. 1531 Case No. 2023-00621 

[*1]Board of Managers of the 443 Greenwich Street Condominium, Plaintiff-Respondent,
v
SGN 443 Greenwich Street Owner LLC, et al., Defendants-Appellants, CETRA/CRI Architecture PLLC, et al., Defendants.

Wood Smith Henning & Berman LLP, New York (Cole R. Munson of counsel), for appellants.
Hogan Lovells US LLP, New York (Nathaniel Benfield of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 20, 2022, which, insofar as appealable and appealed from, denied the motion of defendants SGN 443 Greenwich Street Owner LLC, SGN 443 Greenwich Street Fee Owner LLC, SGN 443 Greenwich Street Associates LLC, JS Greenwich LLC, NB 443 Greenwich Street LLC, Nathan Berman, Jack Berman, and Marc L. Fried to dismiss the cause of action for breach of fiduciary duty (eleventh cause of action), unanimously affirmed, without costs.
Plaintiff stated a cause of action for breach of fiduciary duty by pleading that defendants Nathan Berman, Jack Berman, and Marc L. Fried, the sponsor's principals and then-members of the condominium board, fraudulently passed on to the unit owners the costs of construction and maintenance disguised as condominium common charges, and that they deliberately cut corners when renovating the building by making the renovations in a manner departing from the operating plan and calculated to save the sponsor money. These allegations were sufficient to state a claim that in their dual roles as principals of the sponsor and sole members of the condominium board, the sponsor's principals breached their duty to ensure that their decisions did not benefit the sponsor at the condominium's expense (see Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 324-325 [2d Dept 1993]; see also Bowery 263 Condominium Inc. v D.N.P. 336 Covenant Ave. LLC, 169 AD3d 541, 542 [1st Dept 2019]).
We reject defendants' assertion that the business judgment rule forecloses the cause of action for breach of fiduciary duty. At the pleading stage, the allegations are sufficient to overcome the business judgment rule, as plaintiff has alleged that the sponsor's principals acted in bad faith and that their actions were tainted by conflict of interest and fraud (see Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665, 667 [1st Dept 1993]; Amfesco Indus. v Greenblatt, 172 AD2d 261, 264 [1st Dept 1991]). The cause of action is not duplicative of the breach of contract cause of action against the sponsor. Not only are the defendants different, but the allegations concern the breach of a duty independent of the contract itself (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569, 570-571 [1st Dept 2017]).
Contrary to defendants' position, the cause of action is not time-barred under the circumstances of this case. A cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period, except where the fraud allegation is "only incidental to the claim asserted" (Cusimano v Schurr, 137 AD3d 527, 529 [1st Dept 2016] [internal quotation marks omitted]). According to the allegations in the complaint, the sponsor's principals' actions in concealing renovation charges in common charge assessments is not incidental to the cause of action pleaded, but rather underpins it, because [*2]plaintiff alleges that the sponsor's principals fraudulently used common charges to pay for the building renovation and concealed their actions by disguising the payments as relating to maintenance and repairs. Thus, the cause of action is subject to a six-year limitations period.
With respect to plaintiff's fifth and sixth causes of action asserting claims under the Debtor and Creditor Law, after Supreme Court issued the order on appeal, plaintiff filed an amended complaint augmenting the allegations relating to those claims. Defendants moved to dismiss the Debtor and Creditor Law claims in the amended complaint, and Supreme Court denied that motion; defendants have appealed that order. Because plaintiff has materially amended the allegations relating to its Debtor and Creditor Law claims and defendants have a pending appeal from the order denying their motion to dismiss those claims as so amended, we decline to review that aspect of the order before us denying defendants' motion to dismiss the fifth and sixth causes of action in the original complaint.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024