1S REO Opportunity 1, LLC v Harlem Premier Residence, LLC (2025 NY Slip Op 00016)

1S REO Opportunity 1, LLC v Harlem Premier Residence, LLC

2025 NY Slip Op 00016

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 850151/21 Appeal No. 3370 Case No. 2023-06250 

[*1]1S REO Opportunity 1, LLC, Plaintiff-Respondent,
v
Harlem Premier Residence, LLC et al., Defendants-Appellants, Northern Lights Mansion Corp. Defendant.

Yolande I. Nicholson, P.C., Brooklyn (Yolande I. Nicholson of counsel), for appellants.
D.J. & J.A. Cirando, PLLC, Syracuse (Rebecca L. Konst of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about October 25, 2023, which granted plaintiff's motion for leave to reargue its motion for summary judgment and for an order of reference and, upon reargument, granted plaintiff's motion for summary judgment, unanimously modified, and, upon reargument, the grant of summary judgment to plaintiff is reversed, on the law, without costs, and the Matter remanded for further proceedings consistent with this decision.
In this foreclosure action, plaintiff moved to reargue denial of its summary judgment motion. In its motion for summary judgment, plaintiff argued that, before it brought this action, it received a physical copy of the note from defendant Harlem Premier Residence, LLC, endorsed in blank, rendering it a bearer instrument, and that it had also secured an assignment of the note and mortgage. In its order denying summary judgment, the motion court found that plaintiff failed to establish that the endorsement to it, contained in an allonge, was "firmly affixed [to the note] as to become a part thereof" (UCC § 3-202[2]) and did not address plaintiff's argument that it also had standing because the note had been assigned to it. Since plaintiff had raised in its summary judgment motion the argument that the note was assigned to it prior to commencement, the motion court properly granted reargument.
However, plaintiff did not establish its standing to enforce the note and, therefore failed to show that it was entitled to summary judgment or to dismissal of defendants' affirmative defense of lack of standing. Plaintiff establishes standing by demonstrating either a written assignment or physical possession of the underlying note and mortgage prior to commencement (Deutsche Bank Natl. Trust Co. v Guevara, 170 AD3d 603 at 603 [1st Dept 2019]; see also US Bank N.A. v Ezugwu, 162 AD3d 613, 614 [1st Dept 2018]).
First, plaintiff did not establish that it was assigned the note. While plaintiff's papers established that the original noteholder, nonparty Realty Closing Solution LLC, assigned the note to nonparty 1Sharpe Opportunity Intermediate Trust (1Sharpe) on June 24, 2019, plaintiff did not establish that 1Sharpe assigned the note to plaintiff before this action was commenced. Instead, plaintiff established that 1Sharpe assigned the mortgage to plaintiff. Without also assigning the note, the assignment of the mortgage, by itself, is of no incident because "a transfer of the mortgage without the debt is a nullity" (Bank of New York v Silverberg, 86 AD3d 274, 280 [2d Dept 2011] [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). The assignment of the mortgage from 1Sharpe to plaintiff, which contained the words "TOGETHER with the note or notes therein described and secured thereby," was ambiguous because the language that immediately preceded these words stated that "[t]he Mortgage was assigned from Realty . . . to 1Sharpe," [*2]so that the assignment of the "note or notes therein" could have referred to Realty's assignment of the note to 1Sharpe.
Alternatively, as the motion court correctly found in its initial order denying plaintiff's summary judgment motion, plaintiff did not establish that it physically possessed the note indorsed to it. Plaintiff relies on an allonge from 1Sharpe included with the note in the complaint. However, plaintiff furnished no evidence, either by producing the physical note or through the attestations of its affiant, Stacey Talton, that this allonge, which was indorsed in blank, was "firmly affixed" to the note (UCC 3-202[2]; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d 1056, 1057 [2d Dept 2023]).
However, defendants' argument that plaintiff could not maintain this action is unpersuasive. Defendants have offered no evidence that plaintiff is "doing business" within this state without authorization such that Limited Liability Company Law § 808(a) acts as a bar to plaintiff's maintenance of a suit in New York (cf. Digital Ctr., S.L. v Apple Indus., Inc., 94 AD3d 571, 572 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025