OPINION OF THE COURT
Joseph Harris, J.
Plaintiff moves for an order pursuant to 22 NYCRR 202.56 (a) (3) granting leave to file the notice of malpractice in this action more than 60 days after the joinder of issue. (CPLR 3406; 22 NYCRR 202.56 [a] [1].)
Defendants oppose the motion and cross-move for an order pursuant to CPLR 3406, 3211 (a) and 205 (a) dismissing plaintiff’s complaint for failure to file a notice of medical malpractice within 60 days after joinder of issue (CPLR 3406 [a]), and as time barred.
BACKGROUND
CPLR 214-a requires that a malpractice action be commenced within two years and six months of the act, omission or failure alleged by a plaintiff to have given rise to the *573 action. Since the alleged malpractice underlying the instant action occurred in April and May of 1986, plaintiffs herein had until November 1988 to commence their lawsuit, which they did, under their individual names, on October 13, 1988.
Issue was joined, discovery was completed, and trial was commenced in June 1992; all that time nothing toward happened, until during the course of the trial of that initial action in June 1992, defendants moved to amend their answers to assert for the first time the affirmative defenses of lack of a capacity to sue, and estoppel, both of which motions the court granted, whereupon a mistrial was declared.
Thereafter, defendants moved for summary judgment, alleging, and conceded by plaintiff, that the malpractice cause of action arose prior to plaintiffs filing for discharge in bankruptcy, which discharge was granted by the Bankruptcy Court of the Northern District of New York on April 13, 1988. The malpractice cause of action should have been listed as an asset of the bankrupt estate, but wasn’t.[1] Defendants contended that the malpractice cause of action, whether listed or not, was an asset of the bankrupt estate, that accordingly the plaintiffs lacked capacity to sue in their own names, and that the only person with capacity to sue was the Trustee in Bankruptcy. The court agreed and the motions for summary judgment upon the newly pleaded affirmative defenses were granted; upon the aforesaid grounds, by order dated October 13, 1992, the complaint was dismissed.
On October 22, 1992, the Butlers moved in Bankruptcy Court to reopen their estate in bankruptcy for the sole purpose of pursuing the medical malpractice cause of action as an asset of the estate. This motion was granted by order of the Bankruptcy Court, dated February 16, 1993.
The second and present action herein was commenced March 9, 1993, within six months of the termination of the first action, in the name of the Trustee in Bankruptcy. Once again nothing out of the ordinary in legal pleading occurred until plaintiff discovered he had not filed a notice of medical malpractice as required by CPLR 3406 (a) and section 202.56 (a) (1) of the Uniform Rules for Trial Courts, to be filed within *574 60 days after the joinder of issue. On February 4, 1994, plaintiff moved for an extension of time pursuant to CPLR 2004 and 2005. This motion opened the floodgates, out of which flowed a plethora of other motions by defendants.
THE LAW
Defendants now move for dismissal of the complaint on Statute of Limitations grounds, arguing that the plaintiffs are not entitled to invoke CPLR 205 (a) to commence this new action within the six-month period following the court’s October 13, 1992 dismissal of the first action.
CPLR 205 (a) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.” (Emphasis added.)
Defendants assert that the plaintiffs are not entitled to the benefit of CPLR 205 (a) primarily because the new action was not filed by "the plaintiff” or on the plaintiffs’ behalf since the Trustee in Bankruptcy does not represent the interests of the Butlers but solely the interests of the creditors of the bankrupt estate.
The function of a CPLR 205 (a) extension is to ameliorate the potentially harsh effect of the Statute of Limitations in cases in which the defendant has been given timely notice of a claim previously brought by a party, but not fully litigated for reasons not enumerated and excluded in the statute.[2] As a *575 remedial statute, its broad and liberal purpose is not to be diminished by a narrow construction. (George v Mt. Sinai Hosp., 47 NY2d 170 [1979].)
In this case, the defendants have been given timely notice of the claim being asserted and dismissal of the first action resulted because of an error which did not relate to the plaintiffs’ unwillingness to prosecute in a timely fashion nor to the merits of the underlying claim.
The claim brought by the Trustee is the exact same claim that was brought earlier by the Butlers. The Trustee in Bankruptcy stands in the shoes of the bankrupt no less than does an administrator of the estate of a deceased. A bankrupt can be looked upon as "legally” deceased with respect to his assets, a condition not significantly different from that of one "physically” deceased.
The Trustee in Bankruptcy, just as the personal representative of a deceased, is an asset manager; in the instant case he does no more than what the Butlers could have done on their own except for the misfortune of bankruptcy — i.e., attempt to convert a personal injury cause of action into monetary damages, pay off the creditors of the Butlers and if there is a balance left, pay it over to the Butlers. In that sense he does represent the interests of the Butlers inasmuch as any recovery which exceeded the debts of the bankrupt estate would inure to the benefit of the Butlers. (See, George v Mt. Sinai Hosp., supra.)
In George v Mt. Sinai Hosp. (supra), a summons and complaint to recover damages for personal injuries were served in the name of a plaintiff who had died between the accident and the commencement of the action. The action was dismissed in January 1976 and a new action brought in the name of the administratrix of the plaintiff’s estate was commenced within six months of said termination of the first action. The Court of Appeals held (at 178): "in the instant case the defect in the prior action did not lie in the means of commencing the action, but rather in the identity of the named plaintiff. While that defect was fatal in the sense that the action was subject to dismissal, it was not the type of defect which precludes application of CPLR 205 (subd [a]). The very function of that subdivision is to provide a second oppor *576 tunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant’s willingness to prosecute in a timely fashion[3] rior to the merits of the underlying claim.” For the foregoing reasons, this court holds that CPLR 205 (a) is applicable to the instant case and that the instant case is not time barred.
Passing on to the next issue here involved, plaintiff has moved pursuant to CPLR 3406 (a) and section 202.56 (a) (3) of the Uniform Rules for Trial Courts (22 NYCRR) for an extension of time within which to file the notice of medical malpractice required by such sections to be filed within 60 days after issue is joined in a medical malpractice action.[4] Defendants move for a dismissal of the complaint by reason of plaintiff’s failure to timely file said notice.
In Tewari v Tsoutsouras (75 NY2d 1 [1989]), the Court of Appeals held there was no authority for the imposition of the sanction of dismissal for noncompliance with CPLR 3406 (a).[5] Failure to timely file a CPLR 3406 (a) notice is not analogous to a pleading default. The notice requirement is a rule of calendar practice which functions to trigger the precalendar conference required by CPLR 3406 (b). Unlike pleadings, the notice does not serve to apprise the adversary of a pending cause of action and imposes no obligation upon the adversary which may result in a default judgment. The stringent showing required to obtain an extension of time to file a pleading by a party already in default has no application to a motion for an extension of time to file a CPLR 3406 (a) notice.
*577 The standard set forth in CPLR 2004 for extending the time to perform any act, including the filing of a 3406 (a) notice is "upon such terms as may be just and upon good cause shown.” (CPLR 2004; Tewari v Tsoutsouras, supra; Uniform Rules for Trial Cts [22 NYCRR] § 202.56 [a] [1].) In exercising its discretion, the court may properly consider factors such as the length of delay, whether the opposing party has been prejudiced by the delay, and the reason for the delay. (See generally, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2004.03.) CPLR 2005 allows the court to consider law office failure as a reasonable excuse for delay.
In the instant .case plaintiff’s attorney was notified by his anticipated expert witness, a Dr. Barsamian, during the 60-day period subsequent to joinder of issue that Dr. Barsamian was in poor health and uncertain whether he would be able to continue as the expert witness. This communication so impacted upon the attorney’s time orientation that he forgot in the frenzy of thinking about the prospect of a new expert witness, that he had failed to file the CPLR 3406 notice. The attorney’s law office failed to pick up this error. Dr. Barsamian concluded in early January 1994 that his health would allow him to continue as the expert. The instant motion to extend the time for filing the notice of medical malpractice was filed within one month thereafter. The delay was in no way occasioned by a deliberate or lackadaisical attitude on the part of plaintiff or his attorneys in the current action.[6]
Nor can it be said that defendants have been prejudiced by late filing of the notice of medical malpractice. Discovery was complete in the prior action, and indeed the trial in that action was proceeding when it was dismissed for the pleading technicality of suing in the individual names of the claimants rather than in the representative name of the Trustee in Bankruptcy.
The purpose of a CPLR 3406 (a) notice is not to provide defendants with a document suitable for framing, but to trigger expedited discovery and other pretrial devises for resolution of the action. All that has already taken place in this case. The CPLR 3406 (a) notice requirement in the current posture of the instant case is more cosmetic than substance.
*578 The court has examined all other arguments of the defendants and finds them without merit!
For the foregoing reasons the cross motion of defendants to dismiss the complaint for failure of plaintiff to serve the CPLR 3406 (a) notice is denied, and the court, finding good cause, grants the motion of plaintiff to extend his time to file said notice for a period of 30 days from the date of the order to be entered upon this decision, upon the term and condition that plaintiff pay to the Lawyers’ Fund for Client Protection, as and for a sanction for failure to timely file the CPLR 3406 (a) notice when originally due, the sum of $150.

. It appears that the bankruptcy proceeding was brought to relieve plaintiffs of the extensive medical expenses sought by the defendants herein arising from the medical conduct here alleged as malpractice, upon the recommendation of a previous attorney not otherwise involved in this case, and the appraisal of that attorney, that the contemplated medical malpractice action had a low degree of merit.

. Termination on the merits of the previous action, or termination because of laches on the part of the plaintiff in the previous action, or lack of personal jurisdiction in the previous action, are the primary exclusions from the salutary purposes of CPLR 205 (a). Reduced to its common denominator, the intent of CPLR 205 (a) is to afford a claimant the fair opportunity to have "one full bite of the apple”, no more but no less. CPLR 205 (a), being a remedial statute, ought to be liberally construed to effect its salutary purpose, and ought not to be construed to give a windfall to a *575 possible tortfeasor, especially at the expense of an alleged victim and his creditors, and for no beneficial purpose. Surely such was not the intent of the Legislature in enacting the statute.

. Indeed, in the prior action herein, said action was in the midst of trial when it was dismissed by reason of the failure to sue in the name of the Trustee in Bankruptcy rather than in the individual names of the plaintiffs, the true parties in interest.

. CPLR 3406 (a) was enacted by chapter 294 of the Laws of 1985 as a part of a comprehensive reform of medical malpractice known as the Comprehensive Reform Act of 1985 or the Medical Malpractice Reform Act.

. The appropriate procedure for a defendant aggrieved by plaintiff’s noncompliance with the CPLR 3406 (a) notice requirement is to move to obtain an order to compel the filing of the notice. Plaintiff’s disregard of such order may be deemed willful and construed as a deliberate effort to frustrate the calendar control rules promulgated under CPLR 3406 (b). In that case, dismissal as authorized by that subdivision would be warranted. Disregard of a court order directing the filing of a CPLR 3406 (a) notice and its attendant authorizations may also be construed as a failure to comply with a court order directing discovery for which dismissal is an authorized sanction. (See, Tewari v Tsoutsouras, supra, at 10-11; CPLR 3126; Zletz v Wetanson, 67 NY2d 711, 713.) Another appropriate sanction is the imposition of a fine.

. Attorneys for plaintiff in the current action were not the attorneys in the previous action.