■ E & L, INC., Operating as E & L OF N. Y., Respondent, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant. [642 NYS2d 886] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 18, 1995, which, insofar as appealed from as limited by defendant's brief, denied defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Seeking to recover under a policy of insurance for a loss sustained as a result of a burglary, plaintiff commenced an action that was dismissed for lack of authority to do business in this State as required by Business Corporation Law § 1312 (a),

the court stating that plaintiff "may not maintain this action until it qualifies". Within six months after the dismissal, and just prior to the expiration of the two-year contractual period of limitations, plaintiff commenced a second action, which, some two years after its commencement, was dismissed upon defendant's motion for summary judgment, the court stating that plaintiff had been given "substantial" time to obtain authority to do business. Three months later, plaintiff obtained authority and immediately commenced a third action. Defendant's motion to dismiss this action as barred by the contractual two-year limitations period was denied, the court taking note of plaintiff's assertions of diligent efforts throughout to obtain authority, and rejecting defendant's argument that because the second action was commenced in violation of the order dismissing the first action, it was a nullity and therefore could not be used as the basis for applying the six-month extension of CPLR 205 (a).

The effect of the order dismissing the first action was not, as defendant contends, to prohibit plaintiff's commencement of new action unless he had first obtained authority to do business. True, the order did determine in a res judicata sense that plaintiff requires authority in order to maintain the action, but this amounted to no more than a "restatement of the general principle that in order for the action to be maintainable, [plaintiff, a foreign corporation, had to obtain authority to do business] within the applicable limitations period *including any tolls or extensions of the limitations period which may be available*" (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 253, n 5). Plaintiff's second action was timely commenced within the two-year limitations period but was not maintainable for lack of authority. However, because lack of authority is a defect that does not implicate the merits of the underlying claim, any dismissal because of it should get the benefit of CPLR 205 (a) (*see, supra,* at 251-252; *cf., Hot Roll Mfg. Co. v Cerone Equip. Co.,* 38 AD2d 339; *Tri-Terminal Corp. v CITC Indus.,* 78 AD2d 609). Thus, plaintiff could commence a third action within six months after the dismissal of the second, provided it had authority. That it had and that it did. Concur—Sullivan, J. P., Milonas, Rubin, Tom and Mazzarelli, JJ.