URVE MOLLERSON GRAD, Respondent, v SILVIA HAFLIGER, M.D., Appellant, et al., Defendants. [889 NYS2d 459]—

Service of the summons and complaint in June 2008 was not accompanied by the required notice of medical malpractice action (CPLR 3406) and an attorney's certificate of merit (CPLR 3012-a). Instead, plaintiff's counsel certified that he had insufficient time to obtain a consultation with a doctor. In February 2009, plaintiff moved for leave to file a late notice, based on a "clerical error" by counsel. Hafliger opposed the motion and cross-moved to dismiss the complaint for failure to file a certificate within 90 days of the filing of the complaint.

The court may extend the time to file the notice, upon the showing of good cause (CPLR 2004). Plaintiff's failure to file a timely notice does not warrant the harsh sanction of dismissal (*Tewari v Tsoutsouras*, 75 NY2d 1, 8 [1989]). Plaintiff made the requisite showing of good cause based on law office failure (*see Tak Kuen Nagi v Sze Jing Chan*, 159 AD2d 278 [1990]).

To avoid dismissal for neglecting to serve a certificate with the pleadings, the plaintiff must present a reasonable excuse for failure to comply with the statute and an affidavit of merit from a medical expert (*George v St. John's Riverside Hosp.*, 162 AD2d 140 [1990]). In opposition to Hafliger's cross motion, plaintiff provided a sufficient affirmation of a doctor attesting to the merits of the case and an affirmation of counsel setting forth a reasonable excuse for failure to comply with the statute. The fact that the doctor's name was redacted from the affirmation served on defense counsel is insignificant because it was included in the original provided to the court (*see Marano v Mercy Hosp.*, 241 AD2d 48, 50 [1998]).

We have reviewed the remaining issues raised by the parties and find them unavailing. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.