**Campuzano v Helping U Homecare, Inc.**

2024 NY Slip Op 31152(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 451348/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                          PART                56M

_Justice_

-------------------------------------------------------------------------------X

TERRY CAMPUZANO as Power of Attorney for FRANCIS
CAMPUZANO,

                                 Plaintiff,

                             - v -

HELPING U HOMECARE, INC., MOUNT SINAI HOSPITAL,
ESSEN MEDICAL ASSOCIATES, HOUSE CALL
SERVICES OF NEW YORK, VISITING NURSE SERVICE
OF NEW YORK, VNSNY CHHA, and VILLAGE CENTER
FOR CARE, doing business as VILLAGECARE
REHABILITATION AND NURSING CENTER,

                               Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 451348/2023 |
| MOTION DATE | 04/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42
were read on this motion to/for         LEAVE TO FILE LATE NOTICE OF MEDICAL
MALPRACTICE ACTION/AMEND CAPTION    .

       In this action to recover damages for medical malpractice based on alleged departures

from good and accepted practice, common-law negligence, and nursing home negligence

pursuant to the Public Health Law, the plaintiff moves pursuant to CPLR 2004 and 3406(a) for

leave to extend the time for filing a notice of medical malpractice action, and deem it to have

been timely filed, nunc pro tunc, as of February 21, 2023. He also moves pursuant to CPLR

305(c), 2001, and 3025(b) for leave to amend the caption in order to provide the correct spelling

of his principal's first name, which is "Frances," rather than "Francis." The defendants do not

oppose the motion. The motion is granted.

       The plaintiff commenced this action on November 4, 2022. The defendant Village

Center for Care, doing business as Villagecare Rehabilitation and Nursing Center, served its

answer on December 23, 2022, thus triggering the 60-day period for the plaintiff's service and

**451348/2023 CAMPUZANO, TERRY vs. HELPING U HOMECARE, INC. ET AL**
**Motion No. 001**

**Page 1 of 4**

1 of 4

filing of a notice of medical malpractice action (*see* CPLR 3406[a]).  Since that 60-day period ended on February 21, 2023, the plaintiff was obligated to serve and file the notice on or before that date.  The plaintiff, however, had yet to serve and file the notice by that date.  The parties nonetheless exchanged discovery requests and responses subsequent to the service of the defendants' answers.  On December 21, 2023, the plaintiff made the instant motion.

The failure timely to serve and file a notice of medical malpractice action is not fatal to a medical malpractice action, and may be rectified by a motion to extend the time for service and filing, made pursuant to CPLR 2004 (*see Tawari v Tsoutsouras*, 75 NY2d 1, 9-10 [1989]; *Grad v Hafliger*, 68 AD3d 543, 544 [1st Dept 2009]).  CPLR 2004 permits the court to

> "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."

Here, the "[p]laintiff made the requisite showing of good cause based on law office failure" (*Grad v Hafliger*, 68 AD3d at 544).

> "The purpose of a CPLR 3406(a) notice is not to provide defendants with a document suitable for framing, but to trigger expedited discovery and other pretrial devises for resolution of the action.  All that has already taken place in this case.  The CPLR 3406(a) notice requirement in the current posture of the instant case is more cosmetic than substance"

(*Goldberg v Nathan Littauer Hosp. Assn*., 160 Misc 2d 571, 577 [Sup Ct, Albany County 1994]).

Accordingly, it is,

ORDERED that the plaintiff's motion seeking to extend the time for the service and filing of a notice of medical malpractice action, and for leave to amend the caption, is granted, without opposition; and it is further,

ORDERED that the proposed notice of medical malpractice action filed by the plaintiff on December 21, 2023 is deemed timely to have been served and filed as of August 14, 2023; and it is further,

**451348/2023   CAMPUZANO, TERRY vs. HELPING U HOMECARE, INC. ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

ORDERED that, on or before June 4, 2024, the parties shall submit a proposed preliminary conference order to the Part 56 Part Clerk, on a form that shall be provided to them by the Part 56 Part Clerk; and it is further,

ORDERED that the caption of the action is amended to read as follows:

-------------------------------------------------------------------------------X

TERRY CAMPUZANO as Power of Attorney for FRANCES CAMPUZANO,

Plaintiff,

-v-

HELPING U HOMECARE, INC., MOUNT SINAI HOSPITAL, ESSEN MEDICAL ASSOCIATES, HOUSE CALL SERVICES OF NEW YORK, VISITING NURSE SERVICE OF NEW YORK, VNSNY CHHA, and VILLAGE CENTER FOR CARE, doing business as VILLAGECARE REHABILITATION AND NURSING CENTER,

Defendants.

---------------------------------------------------------------------------------X;

and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the plaintiff shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the plaintiff shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY

**451348/2023   CAMPUZANO, TERRY vs. HELPING U HOMECARE, INC. ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly.

This constitutes the Decision and Order of the court.

|  |  |
|---|---|
| __4/4/2024__ | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

451348/2023   CAMPUZANO, TERRY vs. HELPING U HOMECARE, INC. ET AL
Motion No.  001

Page 4 of 4

4 of 4