Armstead v New York City Health & Hosps. Corp. (2024 NY Slip Op 24210)

[*1]

Armstead v New York City Health & Hosps. Corp.

2024 NY Slip Op 24210

Decided on July 30, 2024

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 30, 2024
Supreme Court, Kings County

Lakisha Armstead, as Proposed Administratrix of the Estate of DENISE ARMSTEAD, deceased, Plaintiff,

against
New York City Health and Hospitals Corporation and 
 CONEY ISLAND HOSPITAL, Defendants.

Index No. 503743/2024

Plaintiff
Jonathan Panarella, Esq. (jpanarella@kglawteam.com)
Krentsel Guzman Herbert, LLP
17 Battery Pl., Ste. 604
New York, NY 10004-1135
212-227-2900
Defendants
Timothy Sheehan, Esq. (timothy.sheehan@wilsonelser.com)
Wilson Elser Moskowitz Eldeman & Dicker LLP
150 East 42nd Street
New York, NY 10017
212-915-5459

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 19-25
Defendant New York City Health and Hospitals Corporation s/h/a New York City Health and Hospitals Corporation and Coney Island Hospital moves (Seq. No. 2) for an Order, pursuant to CPLR 3211 (a) (3) and (7) for failure to state a cause of action upon which relief can be granted and/or pursuant to EPTL § 5-4.1, and EPTL § 11-3.2 dismissing Plaintiff's complaint due to the proposed administrator's lack of capacity to sue.
This is an action asserting claims for medical malpractice, negligence, and wrongful death on behalf of Denise Armstead (the "decedent"), who passed away on January 14, 2022.
On December 15, 2022, Lakisha Armstead ("the 2022 action") commenced the initial action as "proposed administratrix" of the decedent's estate. That action was based upon the same claims underlying this action. Upon motion by the Defendant, that first action was dismissed without prejudice on September 6, 2023, on the grounds that Lakisha Armstead did not have the requisite letters of administration and therefore lacked legal capacity to sue (see CPLR 3211 [a] [3]; Snodgrass v Professional Radiology, 50 AD3d 883 [2d Dept 2008]).
On February 6, 2024, five months after the dismissal of the 2022 action, Plaintiff filed a new summons and complaint ("the 2024 action") pursuant to CPLR 205 (a). The original grounds for dismissal have not been cured as Lakisha Armstead is still named the "proposed administratrix" of the decedent's estate in the 2024 action.
Now, Defendant moves to dismiss the 2024 action for lack of legal capacity.
In opposition to the motion, Plaintiff acknowledges that the letters of administration have not yet been issued by Surrogate's Court and states that "the speed of Surrogate Court proceedings is well outside the control of Plaintiff's counsel." However, to this date, Plaintiff has not submitted any proof that the proper petition has been filed in Surrogate's Court. In fact, Surrogate's Court records show that no proceedings have been undertaken apart from naming Lakisha Armstead as a voluntary administrator, which confers no authority to represent the estate in personal injury or wrongful death claims (see SCPA § 1306). Plaintiff's attorney affirmation states that the law office is still "working on the petition to obtain Letters of Administration," indicating that the delay has not been entirely outside their control.
It is a statutory requirement that only a "personal representative, duly appointed in this state or any other jurisdiction" is authorized to bring an action to recover damages for wrongful death or personal injuries on behalf of a decedent's estate (EPTL §§ 5-4.1 [1]; 11-3.2 [b]). A defendant is therefore entitled to dismissal under CPLR 3211 (a) (3) if the alleged representative of the estate lacks that authority. Generally, an administrator may cure this defect and recommence the action within six months through the CPLR 205 (a) savings provision, because such dismissal is not based on the merits, lack of personal jurisdiction, or neglect to prosecute (see Carrick v Central General Hospital, 51 NY2d 242 [1980]; Snodgrass, at 884-885).
Here, Plaintiff recommenced this action (the 2024 action) after the first dismissal but has yet to obtain letters of administration. Defendant has therefore established that the "proposed" administrator Lakisha Armstead still has no legal capacity to bring the asserted causes of action on behalf of the decedent's estate, and this action must be dismissed under CPLR 3211 (a) (3).
Plaintiff argues that in the event that this Court dismisses this action, CPLR 205 (a) is once again applicable such that their claims should survive without prejudice to commence the action a third time, conceding that Plaintiff has already utilized CLR 205 (a) once to extend the statute of limitations period. In the motion before the Court, the pertinent question is whether the "prior action" in the statute refers to Plaintiff's original 2022 action or the 2024 action.
CPLR 205 (a) provides, in relevant part,
"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or [*2]occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" [emphasis added].
As discussed by the Court of Appeals in U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (33 NY3d 72 [2019]), this statute permits that "a subsequent action may be filed within six months of a non-merits dismissal of the initial timely-filed matter." The Court further elaborated,
"This provision implements the legislature's "policy preference for the determination of actions on the merits" (Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 521 [2009]). The statute is remedial in nature and, where applicable, 'allow[s] plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined on the merits where . . . a prior action was commenced within the limitations period, thus putting defendants on notice of the claims' (Malay v City of Syracuse, 25 NY3d 323, 329 [2015]). The Court has also warned that the provision's 'broad and liberal purpose is not to be frittered away by any narrow construction' (Matter of Morris Invs. v Commissioner of Fin. of City of NY, 69 NY2d 933, 935 [1987], quoting Gaines v City of New York, 215 NY 533, 539 [1915])."
"The effect of the statute is quite simple: if a timely brought action has been terminated for any reason other than one of the . . . reasons specified in the statute, the plaintiff may commence another action based on the same transactions or occurrences within six months of the dismissal of the first action, even if the second action would otherwise be subject to a Statute of Limitations defense, so long as the second action would have been timely had it been commenced when the first action was brought" [emphasis added] (George v Mt. Sinai Hosp., 47 NY2d 170, 175 [1979])."
"The statute by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim . . . and it is to be liberally construed" (Morris, 69 NY2d, at 936) (U.S. Bank N.A., 33 NY3d, at 78.)"
The liberal construction afforded in U.S. Bank N.A. was in regard to what qualifies as a "non-merits dismissal" of the prior action under CPLR 205 (a). The case does not address the issues herein except to reiterate the statute's mandate that "the second action would have been timely had it been commenced when the first action was brought" (id., at 78). Similarly, in Morris (69 NY2d 933), the court liberally interpreted the type of proceeding to which CPLR 205 (a) could apply for the purpose of determining an Article 78 petition had been "timely commenced."
Although cases involving successive recommencements, as in the instant matter, have not been addressed by the Second Department, it has been clear that timeliness of "the prior action" is a necessary condition of CPLR 205 (a):
"CPLR 205 (a) is subject to three unyielding conditions. First, the new action will be permitted only if it would have been timely if commenced at the time of the prior action. Second, the new action must be commenced within six months of the termination of the prior action. Third, the prior action must be terminated for reasons other than its voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, neglect to prosecute, or a final judgment on the merits." (Sokoloff v Schor, 176 AD3d [*3]120, 127 [2d Dept 2019] [emphasis added]).
Where, as in this case, a plaintiff's claims are dismissed more than once, it is important to clarify whether the first condition enunciated in Sokoloff refers to the timeliness of the originally filed "prior action" or the most recent dismissed action. Although repeated CPLR 205 (a) applications are not per se inappropriate, this question has never been addressed directly by any state appellate authority.
However, in a diversity jurisdiction case applying New York law, the Second Circuit Court of Appeals reached this exact issue. In that case's relevant procedural history, the plaintiff had filed a timely state action asserting fraudulent conveyance in 2014, which was dismissed for pleading defects. Within six months of that dismissal, the plaintiff recommenced the action in 2018, as permitted under CPLR 205 (a), but the second action was again dismissed for failure to sufficiently plead a cause of action. The plaintiff attempted to bring her claims a third time in 2020, within six months of the second dismissal. The federal court held that the plaintiff's claims were now time-barred based on the commencement date of the 2018 action. The Second Circuit affirmed that the statute "does not permit a litigant to file an otherwise untimely 'new action' within six months of a 'prior action,' where that prior action was, itself, only made timely by a previous application of section 205 (a)" (Ray v Ray, 22 F4th 69, 75 [2d Cir 2021]). The alternative would allow new actions to be filed "in perpetuity" based on the original filing date after multiple dismissals (id., at 73). As other trial courts have held, before and after that ruling, the six-month extension is intended to allow one "full bite of the apple" only, not a chain of recommencements (Tecocoatzi-Ortiz v Just Salad 600 Third LLC, 2023 NY Slip Op 30512[U] [Sup Ct, New York County 2023]; Goldberg v Littauer Hosp. Assn., 160 Misc 2d 571, 574 n 2 [Sup Ct, Albany County 1994]).
While adhering to the Court of Appeals' guidance that the statute is not to be narrowly construed, this Court agrees with the federal circuit's interpretation of the statute and finds it consistent with the "unyielding conditions" in Sokoloff. Any further application of CPLR 205 (a) must be based on the commencement and dismissal dates of this February 2024 action, not the first attempt filed in December 2022. Thus, the last dismissed "prior action" must have been timely commenced (within the statute of limitations) for the statute to apply.
The applicable period for the decedent's wrongful death claims was two years from her date of death on January 14, 2022 (see Gen. Mun. Law § 50-i [1]), expiring January 14, 2024. The period for the pain and suffering claims was one year and ninety days (id.), or one year from the decedent's death (see CPLR 210), expiring at latest on or about April 14, 2023.
If the plaintiff seeks to obtain proper letters of administration and refile again under CPLR 205 (a), the statute mandates such filing would be permitted only to the extent that any claim was still timely when this action was commenced on February 6, 2024. Neither the pain and suffering or wrongful death claims would have been timely on that date, and therefore a second recommencement under CPLR 205 (a) is not a remedy available to the plaintiff here.
Accordingly, it is hereby:
ORDERED that Defendant's motion (Seq. No. 2) to dismiss this action pursuant to CPLR 3211 (a) (3) for lack of legal capacity is GRANTED.
The Clerk is directed to enter judgment in favor of New York City Health and Hospitals Corporation and Coney Island Hospital.
This constitutes the decision and order of this Court.
ENTER.
[*4]Hon. Consuelo Mallafre Melendez
J.S.C.