| |
|---|
| **Figueroa v Jewish Home Lifecare Manhattan** |
| 2025 NY Slip Op 31010(U) |
| March 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153703/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. JOHN J. KELLEY</u>        **PART**        **56M**

*Justice*

-------------------------------------------------------------------------------X

GLADYS FIGUEROA, as Proposed Administrator of the Estate of AIDA FIGUEROA, also known as AIDA MARIA POMALES GONZALEZ,

                 Plaintiff,

                 - v -

JEWISH HOME LIFECARE MANHATTAN, doing business as THE NEW JEWISH HOME MANHATTAN, ABC CORPORATION, and ABC PARTNERSHIP,

                 Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153703/2024 |
| **MOTION DATE** | 01/03/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 86, 87, 90, 91, 92, 93, 94, 95, 96, 97

were read on this motion to/for        <u>REARGUMENT/RECONSIDERATION</u> .

       This is an action to recover damages, inter alia, for medical malpractice, nursing home negligence pursuant to the Public Health Law, and wrongful death. The defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan (the Jewish Home), moves pursuant to CPLR 2221(d) for leave to reargue its motion, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against it for the plaintiff's lack of capacity to prosecute the action. In an order dated October 11, 2024, and entered October 15, 2024 (SEQ 001), the court had granted the Jewish Home's motion on that ground, albeit without prejudice to the timely commencement of a new action by an appropriate plaintiff for the same relief, in accordance with CPLR 205(a). Inasmuch as that order disposed of this action on the ground that the plaintiff lacked capacity to commence the action when it was initiated, the court did not address the other grounds for dismissal that had been urged by the Jewish Home. The plaintiff now opposes the motion for leave to reargue. The Jewish Home's motion is granted and, upon reargument, the determination in the order dated October 11, 2024 dismissing the

**153703/2024 THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.**        **Page 1 of 7**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No. 002**

1 of 7

[* 1]

complaint insofar as asserted against the Jewish Home is modified, by deleting, from the first decretal paragraph thereof, the words "without prejudice to the commencement of a new action, in accordance with CPLR 205(a), by the administrator of the decedent's estate under a different index number against that defendant for the same relief," and substituting therefor the words "with prejudice," the motion to dismiss the complaint with prejudice is granted, and the complaint is dismissed insofar as asserted against the Jewish Home with prejudice.

Although, in connection with its initial motion in this action, the Jewish Home did not expressly request that the dismissal be with prejudice (*see generally Matter of Kosmo Family Trust (Knipe Wieland--Savino),* 176 AD3d 1465, 1466-1467 [3d Dept 2019]), it did inform the court that a prior action by the same plaintiff for identical relief (hereinafter the 2022 action) had been dismissed by this court in an order dated October 24, 2023. In that order, the court had granted the Jewish Home's motion to dismiss the complaint insofar as asserted against it on the ground that the same plaintiff who commenced this action lacked capacity to prosecute the 2022 action because she then was only a "proposed administrator" of her decedent's estate, rather than a duly appointed administrator (*see Figueroa v Jewish Home Lifecare Manhattan*, 2023 NY Slip Op 33765[U], 2023 NY Misc LEXIS 10363 [Sup Ct, N.Y. County, Oct. 24, 2023] [Kelley, J.]). The dismissal, however, was without prejudice to the commencement of a new action for the same relief within six months by a duly appointed administrator of the decedent's estate (*see* CPLR 205[a]).

The plaintiff commenced this action against the Jewish Home on April 19, 2024 and, thus, within six months after the dismissal of the 2022 action, as required by CPLR 205(a). Nonetheless, when the plaintiff commenced the instant action, she had still yet to obtain letters of administration and, thus, still lacked capacity to prosecute this action. Hence, the Jewish Home made the identical CPLR 3211(a)(3) motion in this action as it did in the 2022 action. In its October 11, 2024 order, this court again granted the Jewish Home's motion, again dismissed the complaint as against it, and again held that the dismissal was without prejudice to

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.           Page 2 of 7**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  002**

2 of 7

commencement of yet another action---a third action---for the same relief within the six-month period described in CPLR 205(a). The court agrees with the Jewish Home that the dismissal should have been with prejudice, and that the plaintiff may not commenced such a third action.

As the Appellate Division, First Department, has explained,

"[a] motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'"

(*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], quoting *Schneider v Solowey*, 141 AD2d 813, 813 [2d Dept 1988]; *see Matter of Setters v AI Props. & Devs. (USA) Corp.*, 139 AD3d 492, 4492 [1st Dept 2016]).

Here, the court overlooked law applicable to a plaintiff whose claim is saved by the application of CPLR 205(a) because the initial complain had been dismissed because of the plaintiff's lack of capacity. The law requires such a plaintiff either first to secure appointment as an administrator or executor of a decedent's estate, and thereafter commence the new action within six months of the subject dismissal or, notwithstanding the fact that he or she had yet to be appointed as an administrator or executor of a decedent's estate during that six-month period, to commence the new action *not only within that six-month period, but also within the limitations period applicable to the relevant causes of action*. The decedent died on April 26, 2020. When the plaintiff commenced this second action on April 19, 2024, not only had she yet to be appointed as her decedent's administrator, but the three-year limitations period applicable to the nursing home negligence cause of action, the two-year and six-month limitations period applicable to the medical malpractice cause of action, and the two-year limitations period applicable to the wrongful death cause of action all had expired, even taking into account the toll of limitations periods between March 20, 2020 and November 3, 2020 that had been established by the Legislature and the Governor in connection with the 2020 COVID-19

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.**          **Page 3 of 7**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  002**

[* 3]

3 of 7

pandemic (*see* Executive Law § 29-a; *Brash v Richards*, 195 AD3d 582 [2d Dept 2021]; EO 202.8, 202.67).

As one appellate court has explained,

"CPLR 205(a) is subject to three unyielding conditions. First, the new action will be permitted only if it would have been timely if commenced at the time of the prior action. Second, the new action must be commenced within six months of the termination of the prior action. Third, the prior action must be terminated for reasons other than its voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, neglect to prosecute, or a final judgment on the merits"

(*Sokoloff v Schor*, 176 AD3d 120, 127 [2d Dept 2019]).

"Where, as in this case, a plaintiff's claims are dismissed more than once, it is important to clarify whether the first condition enunciated in *Sokoloff* refers to the timeliness of the originally filed 'prior action' or the most recent dismissed action. Although repeated CPLR 205(a) applications are not per se inappropriate, this question has never been addressed directly by any state appellate authority,"

(*Armstead v New York City Health & Hosps. Corp*., 2024 NYLJ LEXIS 2494, *8 [Sup Ct, Kings County, Jul. 30, 2024]), although the issue has been addressed by a federal court exercising its diversity jurisdiction (*see Ray v Ray*, 22 F4th 69 [2d Cir 2021]). Moreover, the Appellate Division, First Department, has permitted the commencement of a third action for the same relief pursuant to CPLR 205(a) and, thus, within six months after dismissal of the second action, where the Supreme Court had dismissed both the first and second actions for the plaintiff's lack of corporate authority to prosecute those actions, but the limitations period applicable to the claim had yet to expire when the third action was commenced, by which time the plaintiff finally had obtained authority to prosecute the claim (*see E & L, Inc. v Liberty Mut. Fire Ins. Co*. 227 AD2d 303, 303-304 [1st Dept 1996]).

As the United States Court of Appeals for the Second Circuit explained in *Ray*, CPLR 205(a) "does not permit a litigant to file an otherwise untimely 'new action' within six months of a 'prior action,' where that prior action was, itself, only made timely by a previous application of section 205(a)" (*Ray v Ray*, 22 F4th at 75). Were that not the correct rule, new actions could be filed "in perpetuity" based on the original filing date after multiple dismissals (*id.*, at 73). Several

trial courts have held that the six-month extension of CPLR 205(a) is intended to allow one "full bite of the apple" only, not a chain of recommencements (*Armstead v New York City Health & Hosps. Corp.*, 2024 NYLJ LEXIS 2494, *9; *see Tecocoatzi-Ortiz v Just Salad 600 Third, LLC*, 2023 NY Slip Op 30512[U], *8, 2023 NY Misc LEXIS 687, *11-12 [Sup Ct, N.Y. County, Feb. 17, 2023]; *Goldberg v Littauer Hosp. Assn.*, 160 Misc 2d 571, 574 n 2 [Sup Ct, Albany County 1994]). "[B]oth federal and New York courts have consistently described section 205(a) as authorizing a 'second' opportunity to file a claim after a 'first' or 'initial' claim is dismissed on a non-merits final judgment" (*Ray v Ray*, 22 F4th at 73-74; *see Windward Bora, LLC v Sotomayor*, 113 F4th 236, 243 [2d Cir 2024] [CPLR 205(a) was enacted to permit a plaintiff to "gain one final chance" to litigate a claim after non-merits based dismissal]).

Hence, upon this court's dismissal of the 2022 action, the plaintiff was obligated to obtain letters of administration and, thus, legal capacity, before commencing this action, and thereupon commence this action within six months of October 24, 2023. If she had obtained letters of administration prior to April 19, 2024, all of her claims would have survived. If, as it turned out was the case, she still lacked capacity subsequent to October 24, 2023, or was having difficulty obtaining letters of administration from the Surrogate's Court, she would have been permitted to commence this second action on or before April 24, 2024, again in her capacity as a "proposed administrator," but only if she had commenced this action within the limitations period applicable to her causes of action. Since the plaintiff, in fact, still lacked capacity to commence this action as of April 19, 2024, her nursing home negligence claim could only have been saved if, in her capacity as "proposed administrator," she had again interposed the nursing home negligence cause of action on or before November 3, 2023. The limitations period applicable to the medical malpractice action already had expired on May 3, 2023, and the limitations period applicable to the wrongful death cause of action already had expired November 3, 2022. Since the plaintiff waited until April 19, 2024 to commence this action, she still lacked capacity to do so at that time, and the limitations period applicable to all of her causes of action had by then expired, she

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.          Page 5 of 7
JEWISH HOME LIFE CARE, MANHATTAN ET AL
Motion No.  002**

[* 5]

5 of 7

was barred from commencing a third action, and this court's October 11, 2024 dismissal of the complaint in this action should have been "with prejudice."

Moreover, contrary to the plaintiff's contention, the fact that, on May 31, 2024, and, thus, during the pendency of this action, she ultimately obtained letters of administration from the Surrogate's Court, New York County, does not retroactively imbue her with legal authority to prosecute this action, and she may not make a belated motion to amend the complaint herein to allege that she now has capacity to prosecute the subject claims (*see Mingone v State of New York*, 100 AD2d 897, 899 [2d Dept 1984]; *Cianciotto v Hospice Care Network*, 32 Misc 3d 916, 919 [Dist Ct, Nassau County 2011]). In other words, her belated appointment as administrator of the decedent's estate does not render academic the issue of whether she lacked capacity to commence this action as of April 19, 2024.

The court again expresses no opinion as to whether the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082) immunizes the Jewish Home from liability for the conduct complained of by the plaintiff herein.

The court further notes that it already has dismissed the complaint insofar as asserted against the fictitious defendants, ABC Corporation and ABC Partnership, and it adheres to that determination herein.

Accordingly, it is,

ORDERED that the motion for leave to reargue is granted and, upon reargument, the determination in the order dated October 11, 2024, and entered October 15, 2024, which dismissed the complaint insofar as asserted against the defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan, is modified, by deleting, from the first decretal paragraph thereof, the words "without prejudice to the commencement of a new action, in accordance with CPLR 205(a), by the administrator of the decedent's estate under a different index number against that defendant for the same relief," and substituting therefor the words, "with prejudice," the motion to dismiss the complaint with prejudice insofar

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.        Page 6 of 7**
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  002**

6 of 7

[* 6]

as asserted against the defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan is granted, and the complaint is dismissed with prejudice insofar as asserted against the defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan; and it is further,

ORDERED that, on the court's own motion, the action is severed against the defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint in its entirety as against the defendant Jewish Home Lifecare Manhattan, doing business as The New Jewish Home Manhattan, with prejudice.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| __3/31/2025__ | _____ |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153703/2024   THE ESTATE OF AIDA FIGUEROA AKA AIDA MARIA POMALES-GONZALEZ vs.**          Page 7 of 7
**JEWISH HOME LIFE CARE, MANHATTAN ET AL**
**Motion No.  002**

7 of 7

[* 7]