**Pilgrim v New York City Health & Hosps. Corp.**

2025 NY Slip Op 31541(U)

April 29, 2025

Supreme Court, Kings County

Docket Number: Index No. 505211/2025

Judge: Consuelo Mallafre Melendez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**At an IAS Term, Part MMESP -7 of the Supreme Court of the State of NY, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 29th day of April 2025.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------------X
CHRISTOPHER IMGRAM PILGRIM as Proposed
Administrator of the Estate of LYNETTE PILGRIM, Deceased,

      Plaintiff,

  -against-


THE NEW YORK CITY HEALTH & HOSPITALS
CORPORATION and KINGS COUNTY HOSPITAL
CENTER,

      Defendants.
------------------------------------------------------------------------------X

**DECISION & ORDER**

Index No. 505211/2025
 Mo. Seq. 1

**HON. CONSUELO MALLAFRE MELENDEZ, J.S.C**.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:

<u>NYSCEF #s:</u> 6 – 7, 8 – 12, 13, 14 – 15


Defendants New York City Health and Hospitals Corporation, sued herein as The New York City Health & Hospitals Corporation and Kings County Hospital Center, move (Seq. No. 1) for an Order, pursuant to CPLR 3211 (a) (3) and EPTL § 5-4.1, dismissing Plaintiff's complaint for lack of legal capacity.

This is an action asserting claims for medical malpractice, negligence, and wrongful death on behalf of Lynette Pilgrim (the "decedent"), arising from treatment which occurred on or about February 14, 2023. Decedent passed away on February 16, 2023

On March 14, 2024, Plaintiff commenced an action under Index No. 507474/2024 ("the 2024 action"), as "proposed administrator" of the decedent's estate. That action was based upon the same claims underlying this action, and the medical malpractice and wrongful death claims were all timely when it was commenced (*see* Gen. Mun. Law § 50-i [1]).

1

[* 1]

Upon motion by the Defendants, the 2024 action was dismissed on October 16, 2024, on the grounds that Plaintiff did not have the requisite letters of administration and therefore lacked legal capacity to sue (*see* CPLR 3211 [a] [3]; *Snodgrass v Professional Radiology,* 50 AD3d 883 [2d Dept 2008]).

On February 13, 2025, Plaintiff commenced this second action by filing a summons and complaint. At the time of this action's commencement, the wrongful death claim was still timely, but the statute of limitations had expired for the medical malpractice and negligence claims. However, the action was commenced within six months of the 2024 action's dismissal pursuant to CPLR 205 (a), which allowed the non-wrongful death claims to be revived "within six months of the dismissal of the first action, even if the second action would otherwise be subject to a Statute of Limitations defense" (*George v Mt. Sinai Hosp.,* 47 NY2d 170, 175 [1979]).

Notwithstanding, the original grounds for dismissal have not been cured, as Plaintiff has not obtained letters of administration and is still named the "proposed administrator" of the decedent's estate in the instant action.

Now, Defendants move to dismiss this second action for lack of legal capacity.

In opposition to the motion, Plaintiff acknowledges that letters of administration have not yet been issued by Surrogate's Court. However, they argue this action was properly recommenced under CPLR 205 (a) and, if this action is dismissed, it should be without prejudice to recommence again within six months.

It is a statutory requirement that only a "personal representative, duly appointed in this state or any other jurisdiction" is authorized to bring an action to recover damages for wrongful death or personal injuries on behalf of a decedent's estate (EPTL §§ 5-4.1 [1]; 11-3.2 [b]). A defendant is therefore entitled to dismissal under CPLR 3211 (a) (3) if the alleged representative

2

[* 2]

of the estate lacks that authority. Generally, an administrator may cure this defect and recommence the action within six months through the CPLR 205 (a) savings provision, because such dismissal is not based on the merits, lack of personal jurisdiction, or neglect to prosecute (*see Carrick v Central General Hospital,* 51 NY2d 242 [1980]; *Snodgrass,* at 884-885).

Here, Plaintiff recommenced this action and served Defendants within six months of the 2024 action's dismissal, but he has yet to obtain letters of administration. Defendants have therefore established that the "proposed" administrator still has no legal capacity to bring the asserted causes of action on behalf of the decedent's estate, and this action must be dismissed in its entirety under CPLR 3211 (a) (3).

Plaintiff argues that should the Court dismiss this action, they are entitled to recommence a third action pursuant to CPLR 205 (a), as the section permits an additional six-month extension from the date of this action's dismissal. Thus, the Court must also address this issue. The statute provides, in relevant part,

> "If an action is *timely commenced* and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within *six months after the termination* provided that the new action would have been timely commenced at the time of *commencement of the prior action* and that service upon defendant is effected within such six-month period." (CPLR 205 [a] [emphasis added].)

There is nothing in the statute addressing multiple or successive uses of CPLR 205 (a), but the plain language indicates that CPLR 205 (a) is applicable *only* if the claims would have been timely when the "prior action" was commenced, and only within six months of termination of that

3

"prior action."

As discussed by the Court of Appeals in *U.S. Bank N.A. v DLJ Mtge. Capital, Inc.* (33 NY3d 72 [2019]), the statute permits that "a subsequent action may be filed within six months of a non-merits dismissal of the initial timely-filed matter." The Court further elaborated,

> "The effect of the statute is quite simple: if a timely brought action has been terminated for any reason other than one of the . . . reasons specified in the statute, the plaintiff may commence another action based on the same transactions or occurrences within *six months of the dismissal of the first action*, even if the second action would otherwise be subject to a Statute of Limitations defense, *so long as the second action would have been timely had it been commenced when the first action was brought*" (*id.* at 78, quoting *George v Mt. Sinai Hosp.,* at 175 [1979] [emphasis added]).

The Second Department similarly set forth that the timeliness of "the prior action" is a necessary condition of CPLR 205 (a):

> "CPLR 205 (a) is subject to three unyielding conditions. First, the new action *will be permitted only if it would have been timely if commenced at the time of the prior action*. Second, the new action must be commenced within six months of the termination of the *prior* action. Third, the *prior* action must be terminated for reasons other than its voluntary discontinuance, the failure to obtain personal jurisdiction over the defendant, neglect to prosecute, or a final judgment on the merits." (*Sokoloff v Schor,* 176 AD3d 120, 127 [2d Dept 2019] [emphasis added]).

Where, as in this case, a plaintiff's claims are dismissed more than once, it is important to clarify whether the first condition enunciated in *Sokoloff* refers to the timeliness of the original action or the most recent dismissed action – in other words, if successive recommencements under CPLR 205 (a) are permitted, as long as the first action was timely. This question has not been resolved by any state appellate authority.

4

[* 4]

However, in a diversity jurisdiction case applying New York law, the Second Circuit Court of Appeals reached this exact issue. In that case's relevant procedural history, the plaintiff had filed a timely action asserting fraudulent conveyance in 2014, which was dismissed for pleading defects. Within six months of that dismissal, the plaintiff recommenced a second action in 2018, as permitted under CPLR 205 (a), but the second action was again dismissed for failure to sufficiently plead a cause of action. The plaintiff attempted to bring her claims a third time in 2020, within six months of the second dismissal. The federal court held that the plaintiff's claims were now time-barred based on the commencement date of the second action. The Second Circuit affirmed that the statute "does not permit a litigant to file an otherwise untimely 'new action' within six months of a 'prior action,' where that prior action was, itself, only made timely by a previous application of section 205 (a)" (*Ray v Ray,* 22 F4th 69, 75 [2d Cir 2021]). The alternative would allow new actions to be filed "in perpetuity" based on the original filing date after multiple dismissals (*id.,* at 73). As other trial courts have held, before and after that ruling, the six-month extension is intended to allow one "full bite of the apple" only, not a chain of recommencements (*Tecocoatzi-Ortiz v Just Salad 600 Third LLC,* 2023 NY Slip Op 30512[U] [Sup Ct, New York County 2023]; *Goldberg v Littauer Hosp. Assn.,* 160 Misc2d 571, 574 n 2 [Sup Ct, Albany County 1994]).

This Court agrees with the federal circuit's interpretation of the statute and finds it consistent with the "unyielding conditions" in *Sokoloff* and the plain meaning of CPLR 205 (a). A revived action under CPLR 205 (a) must be commenced and served within six months of an action that was *itself timely,* not one that was only made timely by a prior application of CPLR 205 (a).

In this case, only the wrongful death claim would have been timely when this second action was commenced on February 13, 2025. The two-year statute of limitations period for wrongful

[* 5]

death did not expire until February 16, 2025. In contrast, the statute of limitations period for the medical malpractice and/or negligence claims expired on May 14, 2024, one year and ninety days from the last date of treatment and before the second action was commenced. As such, CPLR 205 (a) is inapplicable to Plaintiff to proceed with any medical malpractice or negligence claims in a third or subsequent action. Thus, the dismissal of this action is without prejudice to further recommencement under CPLR 205 (a) with respect to the wrongful death claim *only*; the medical malpractice/negligence claims are dismissed with prejudice.

Accordingly, it is hereby:

**ORDERED** that Defendants' motion (Seq. No. 1) to dismiss the entire action pursuant to CPLR 3211 (a) (3) for lack of legal capacity is **GRANTED**; and it is further

**ORDERED** that the dismissal of the wrongful death claim is without prejudice and entitled to recommencement pursuant to CPLR 205 (a); and it is further

**ORDERED** that all claims sounding in medical malpractice and/or negligence are dismissed with prejudice.

The Clerk is directed to enter judgment in favor of New York City Health and Hospitals Corporation, sued herein as The New York City Health & Hospitals Corporation and Kings County Hospital Center.

This constitutes the decision and order of this Court.

ENTER.

_____

**Hon. Consuelo Mallafre Melendez**

**J.S.C.**

6

[* 6]